## COMMONWEALTH *versus* BATTIS.

*Practice.*—The Court will not direct an *immediate* entry of the plea of guilty to an indictment for a capital crime, but will give a reasonable time to the prisoner to consider of the same, that he may, if he think proper, retract his plea.

THE defendant, *John Battis,* a negro of about *twenty* years of age, was indicted for the murder of one *Salome Talbot,* a white girl of the age of *thirteen* years, on the *twenty-eighth day of June last.*

The indictment contained *three counts.*

The 1st count charged the killing to have been with a stone, with which he beat and broke her skull, &c. The 2d stated that the killing was by drowning; and the 3d charged the killing to have been by beating and breaking her skull with a stone, and throwing her body into the water, and suffocating and drowning.

There was another indictment against the prisoner for committing

a rape on the body of the said *Salome,* on the same day on which the murder was charged to have been committed.

On the second day of the term, in the forenoon, the prisoner was set to the bar, and had both indictments read to him, and pleaded guilty to each.

The Court informed him of the consequence of his plea, and that he was under no legal or moral * obligation [ * 96 ] to plead guilty; but that he had a right to deny the several charges, and put the government to the proof of them. He would not retract his pleas; whereupon the Court told him that they would allow him a reasonable time to consider of what had been said to him: and remanded him to prison. They directed the clerk not to record his pleas, at present.

In the afternoon of the same day, the prisoner was again set to the bar, and the indictment for murder was once more read to him ; he again pleaded *guilty.* Upon which the Court examined, under oath, the sheriff, the jailer, and the justice, (before whom the examination of the prisoner was had previous to his commitment,) as to the *sanity* of the prisoner; and whether there had not been tampering with him, either by promises, persuasions, or hopes of pardon, if he would plead guilty. On a very full inquiry, nothing of that kind appearing, the prisoner was again remanded, and the clerk directed to record the plea on both indictments.

On the last day of the term, the prisoner was brought to the bar, and the *Attorney-General (Sullivan)* moved for sentence; which the chief justice delivered in a solemn, affecting, and impressive address to the prisoner.

The sentence was entered on the indictment for the rape. He has since been executed.