OPINION OR TI-IE COURT.
THIS was an action brought by Wicldiffe and Mr-Kinley against Sharp, for the trover and conversion of sundry articles of household furniture. The defendant pleaded not guilty, upon which issue was joined, and on the trial it appeared that James Coleman, formerly a merchant in high credit, suddenly, in 1814, failed for a large amount; that at a sale of his estate, under a a deed of trust for the benefit of his wife, Mrs. Meredith, the wife of Samuel Meredith and the mother of Mrs. Coleman, bought several articles of household furniture, and that other articles were afterwards manufactured and transferred by the manufacturer to Samuel Meredith. And the plaintiffs offered to read two deeds from Samuel Meredith, conveying to them those arti~ eles in trust, that they would permit Mrs. Coleman, the *11 daughter of Meredith, during her natural life, to enjoy the use of those articles, free from the control of her husband, and not subject to his debts or contracts, and after her death, convejr the same; to her children she might then have living; and if she should leave none, then to Meredith or his heirs. These deeds were certified by the cleric of the county court of Fayette, where the parties resided, to have been acknowledged before him by Meredith, shortly after their dates, and to have been duly recorded in his Office; but there was no other proof of their execution. .To the reading of them, the defendant objected; but the court overruled the objco tion, and permitted them tp be read. The defendant then moved the court to instruct the jury that the interest conveyed by those detjds to the use of Mrs. Coleman, was subject to execution for the debts of Coleman, during their joint lives; but the court overruled the motion, and instructed the jury that the interest conferred by those deeds was not liable to execution in fav-*r of Coleman’s creditors.
The defendant read in evidence two executions against the estate of Coleman, in virtue of which he, as sheriff, had taken the articles of property in contest, and asked a witness, the trustee in the deed from Coleman for the benefit of his creditors, if all or any the creditors provided for by that deed, were consulted, or privy to, or approved of its execution, and desired to ask other questions, calculated to show the inefficacy of that deed; but the court, on the motion of the plaintiffs, forbade the question, deciding that the validity of that deed could not be questioned in this suit, and that no inquiries for that purpose were admissible.
The defendant also introduced a witness, who deposed, that at the request of the administrator of James Hughes, deceased, he had applied to Samuel Meredith for the payment of fees for drawing some deeds of trust, which Meredith refused to pay, alleging Dallam or Coleman must have procured them, and that he had nothing to do with them. But the circuit court, at the instance of the plaintiffs, excluded from the jury all such confessions of Meredith, made since the execution of the deeds of trust to them, as might go to vitiate the said deeds.
To these several opinions and decisions of the circuit court,, the defendant excepted; and a verdict having *12 been rendered against him, he moved the court for a nt.w trial; but the court overruled the motion. To this decision he also excepted, spreading upon the record what is stated to he in effect all the evidence given o,i the trial; and a judgment having been rendered upon the verdict, he has brought the case to this court by writ of error with supersedeas.
Where the law requires a deed to bo recorded,the certificate of the proper officer of its having been duly recorded, is sufficient t,o entitle it to be rea 1 without further proof of its execution.
Personal property conveyed to a trustee for the separate use of a married woman, daring her life, is not subject to execution for the debts of the husband.
The act of 1706, subjecting estates held in trust to the ,; iy-inontof debts, doss net extend to such oases, bo- . Equity the debts of the husband are wife) as to render her tatg]fayofo-¿e payment of them,
*12 The points made by the assignment of error, grow out of the exceptions taken by the defendant in the circuit court. We shall notice them fn the order in w hit’ll they occur in the statement we have given of the case.
1. The first question to be considered, is, whether the circuit court erred in admitting as evidence, the-deeds from Meredith to the plaintiffs, upon the certificate of the clerk, without other proof of their execution. Of the correctness of this decision, we entertain no doubt. The deeds in question were certainly necessary to be recorded, to render them valid against creditors and purchasers; and it is a settled principle, that where the law requires a deed to be recorded, the certificate of the proper officer, of its having been duly recorded, is sufficient to entitle it to he read, without further proof of its execution.
2. The second point to be noticed, relates to the liability of the property conveyed by those dqeds, to exe-cutidh ibr Coleman's debts. That it was not so liable, upon the principles of the common'law, is manifest. It is very true, that any personal chattel to which the wife is legally entitled, and which comes to the possession of the husband during coverture, will be liable to be. taken in execution against the husband. But the legal title to the property in question in this case, was vested by the deeds of trust in the plaintiffs, Mrs. Coleman having thereby only a title in equity to the use of it during her life;' and a mere right or title in equity to the use of a thing, ivas not, upon the principles of the common law, subject to execution.
The ouly statutory provision which has made any change in the common law in this respect, is to be found in the 13th section of the act of 1796,1 Dig. Stat. 315. That section provides, that “estates of every kind, holden or possessed in trust, shall be subject to like, debts and charges of the persons to whose use, or for whose benefit they were or shall be respectively holden or possessed, as they would have been subject to, *13 if those persons had owned the like interest in the things holden or possessed, as they own or shall own in the uses or trusts thereof.”
A party as-snmiriS the creditor °and in that char, N" nm^aclfa* conveyance v-áfraudulent;-must'produce a copjr of a judgment; producing copies of executions, is not sufficient.
*13 This pl-ovision, according to its literal import, subjects a thing holden to the use of any person, to the debts of such person, in thé same manner, as it was at common law, where he owned the thing itself, and of course it may be taken and sold under execution; but it is evidently only to the debts of the person for whose use the thing is held, thafrit is made liable; and as the debts of the husband cannot be said to be the debts of the wife, a thing held for her use cannot, according to any rational construction of the provision, be deemed liable to be taken and sold in .virtue of an execution against him. Husband and wife are, indeed, to many purposes, considered in law as one person, the very ex* istence 'of the latter being supposed, in legal contemplation, to be merged in the former. But in equity they are considered and treated as separate persons. They are, in a court of equity, held to be capable of interpleading with each other; and it is an acknowledged principle, that the wife may take, through the me>. ■dium of trustees, an-estate in the use of a thing, separate from her husband. Now, as the use or trust'which is the subject of the statutory provision in question, is a mere creature of equity, it is obvious, when the legislature speak, in the provision, of the persons to whose use a thing is held, that the w ord, persons, must he understood in the sense in which it is understood in equity, whose language is used; and, of course, a wife must be, in that sense, a separate person from that of her husband, to whose use a thing may be holden or possessed.
We are, therefore, of opinion that the circuit court was correct in deciding that the interest Mrs. Coleman took under the deeds of trust, was not liable to execution for Coleman’s debts.
3. The third point to he noticed* grows out of the refusal of the circuit court to permit the defendant in that court to put interrogatories to the witness, tending to impeach the validity of the deed of trust made by Coleman for the benefit of his creditors. The deed was not produced, nor its absence attempted to be accounted for; and, on that ground, the propriety of going into evidence to impeach it, might well be ques *14 tioned; but there is another ground, which affords, wo apprehend, an insuperable objection to such evidence. The defendant in the circuit court read the executions against Coleman; but he did not produce the judgments on which they issued. Now, as the deed could only he. void as against creditors and purchasers, it was essential, in order to give the defendant a right to impeach it, that he should have produced the judgments; for witlioutthe judgments’ being produced, the plaintiffs in the executions could not be áhown to stand in the relation of creditors. Peake’s Ev. 417-18.
íhe confessions of a person made after he has conveyed,. ' tending to defeat his title, cannot be given in evidence.
A new trial ought not to * be granted on the ground of the verdict’s boing contrary to evidence, where the evidence on both sidos was merely circumstantial.
4. The fourth point to be noticed, is the exclusion, by the court, of the confession of Meredith, after the deeds of trust were executed by him to the plaintiffs, tending to vitiate them. This was so obviously correct, that no question was made of it in the argument. In fact, the point has been long settled by this court, that the confessions of a person, made after he has conveyed his title, tending to defeat it, are inadmissible.
5. The fifth and last point relates to the application for a new trial. The grounds of the application are not stated in the record; but we suppose that it must have been on. the ground of the verdict’s being against evi-' dence. We have not thought it necessary to state the evidence at large. The point which seems principally to have been relied on for the defendant, was, that the property in question was bought with Coleman’s money, and in fact belonged to hito. The evidence in support of this point, was merely circumstantial, which was opposed by counteracting circumstances; and taken together, the whole evidence was decidedly of that character, the weight of which belonged to the jury to determine; and in such cases the court has invariably refused to disturb the verdict, in opposition to the opinion of the court below.
The judgment must he affirmed with costs and dam- ■■ ages.