TILTON (UNITED STATES v.). See Case No. 16.525.

TILTON, The MARIETTA. See Case No. 9,-084.

## Case No. 14,055a.

### TINDALL v. MURPHY.

[Hempst. 21.] [1]

Superior Court, Territory of Arkansas. Dec., 1823.

#### EVIDENCE—EXECUTION—JUDGMENT.

An execution is not admissible as evidence, unless the judgment on which it issued is produced.

Appeal from Pulaski circuit court.

[This was an action by Thomas H. Tindall against Benjamin Murphy.]

Before JOHNSON, SCOTT, and SELDEN, JJ.

OPINION OF THE COURT. The only question presented by the record is, whether the execution offered in evidence by the appellant was properly excluded. We are of opinion that it was incompetent evidence. To have authorized its introduction, the judgment upon which it issued should also have been produced. 3 Litt. 14; 1 Salk. 409; 2 Johns. 281; 12 Johns. 213; 2 South. [5 N. J. Law] 813; 20 Johns. 338; 5 Serg. & R. 332; 1 A. K. Marsh, 158; 1 B. Mon. 94; 1 Gilman, 136. Affirmed.

NOTE. By a statute of Arkansas in force 20th March, 1839. it is provided that, when an officer shall sell any real estate or lease of lands for more than three years. he shall make the purchaser a deed, to be paid for by the purchaser, reciting the names of the parties to the execution, the date when issued, the date of the judgment, order, or decree, and other particulars recited in the execution, also a description of the time, place, and manner of sale; which recital shall be received in evidence of the facts therein stated. Dig. p. 504, § 60. This was intended to supersede the necessity of producing the records from which the recitals are made, and to furnish evidence of the authority under which the officer acted. as well as the manner in which he had executed that authority. It is, however, only prima facie. and not conclusive. evidence. and may be rebutted by proof. Newton's Heirs v. State Bank, 14 Ark. 10; Hardy v. Heard. 15 Ark. 184.