AUGUST TERM
1839.

Porter &
Moore
vs,
Rea,

PORTER & MOORE v REA.

Although it is well settled that the declarations of an assignor of a note, made after the assignment, cannot be admitted to affect the interest of the assignee, yet the assignor himself may be examined.

Opinion of the Court delivered by Napton Judge.

"John Rea, assignee of Horsley Rea, sued Moore and Porter by petition in debt. On the trial of the cause, the plaintiff proved the assignment of the note, and gave the note in evidence to the jury. The defendant, in support of his plea of set off, offered to prove what Horsley Rea, the assignor, had said in a conversation with defendants, subsequently to the assignment of the note—in which he admitted that he owed defendants $189, and it was still due, but the court refused to allow this evidence to be given. The defendants then introduced Horsley Rea himself, and proposed to prove by him that at the time he assigned said note to John Rea, he, said Horsley Rea, was indebted to defendants in the sum of $189, for goods &c. The plaintiff also objected to the evidence, and the court sustained the objection.

There was some additional evidence offered and given by defendants to prove the set off, and some rebutting testimony from the plaintiff.

The jury found a verdict for the plaintiff, and defendants applied for a new trial, which the court refused.

The appellants seek to reverse this judgment on the ground that the court erred in excluding the testimony offered of the declarations of H. Rea, and in refusing to allow said Rea himself to testify.

The principle is well settled that the declarations of an assignor of a note, made after the assignment, cannot be admitted to affect the interest of the assignee—2 Starkie 280, 2 Bibb 470, and Bibb 270—3 Little 14.

But I have heard no reason why the assignor himself may not be examined.

His interest is decidedly against the party calling him, Graham and others v O'Fallon ex'r. 4 Mo. R. 338.

In Whitaker v Brown [8 Wend, 490] where the court excluded evidence of the assignors declarations and admit-

sions; it was upon the ground that the assignor was a com-

AUGUST TERM
1839.
Porter &
Moore,
vs,
Rea,

petent witness, and being such, the opposite party was entitled to his oath.

In Hurd v West, 7 Cowen, 752, [referred to by the court of New York in the same case] it was held, that the declarations of a vendor of personal property, though made before sale, are not evidence against the vendee, but the vendor should be called as a witness.

In Duckham v Wallis [5 Esp. N. P. cases 253 cited in 8 Wend 491.] Lord Ellenborough placed the exclusions of such admissions on the same ground—and held, that the assignor himself should be called.

"Judgment reversed and remanded."

Hayden for appellant.

"The appellants will contend that the judgment of the Circuit Court ought to be reversed upon the ground that Horsley ea was a competent witness, to prove the facts proposed by him, and ought not to have been rejected by the Court below.

See 4th John Rep. 129, M'Cleod vs Johnson, and note [a] and authorities there cited, see 5th Massachusetts reports, David Webster vs William Levi 334, et seq. See 2 John R. 394, Jackson, on the demise of Caldwell, vs Hallenback. See 7 T. R. 480 Ildenton against Adkinson, and note to the case 1. Term Report, 163, Carter vs Pearse admr.—8th Wendells, Rep. 490 Whitaker impleaded &c. vs Brown."

Miller for appellee.

"The counsel for appellee, plaintiff below, will insist upon the following points.

1. The court very properly refused to permit the evidence offered by deft. as set forth in bill of exceptions, to go the jury.

See 2 Starkie page 41 and note—see page 280 same book, see 21 Bibb p. 470–4 Bibb 270 and 290—see 3 Littell 14 page, 8 Wendell 490—3 Johnson 425—20 Johnson 142–3 J. J. Marshall 627.

2. The Court properly refused a new trial to defts, and did not err in overruling their motion for same."