## ARMSTRONG ET AL. *vs.* FARRAR ET AL.

1. Upon a trial, for the purpose of determining the validity of a will, where several of the devisees are made defendants, the declarations of one of the defendants as to the state of mind of the devisor, at the time of making the will, may be given in evidence against all the defendants.

2. Where the parties to a suit have a joint interest in the matter in controversy, whether as plaintiffs or defendants, an admission made by one is, in general, evidence against all.

| | |
|---|---|
| 8 | 627 |
| 116 | 14 |
| 8 | 627 |
| 142 | 676 |
| 143 | 368 |
| 8 | 627 |
| 157 | 17 |
| 157 | 18 |
| 157 | 19 |
| o157 | 21 |

### ERROR to Franklin Circuit Court.

TRUSTON POLK, *for Plaintiffs in Error.*

1. The court below erred in refusing to allow the counsel of the plaintiff below to ask their witness, "whether he had ever heard John S. Farrar, one of said defendants, say anything as to the childishness or mental imbecility of the deceased, Leonard Farrar, at the time of the making the paper claimed to be his will."— 1 Phil. Ev., 90, 4th American, from 7th London edit., by Cowen & Hill; *Ibid.*, (same edit.) 92; 2 Starkie's Ev., 22; Bauerman et al. *vs.* Radimus, 7 Term Rep., 663; Dillon *vs.* Chouteau, 7 Mo. Rep., 386; 2 Starkie's Ev., 25; Lucas et al. *vs.* De la Cour, 1 Maule and Selwyn, 249; Nichols *vs.* Dowding and Kemp, 1 Starkie's N. P. C., 81, (or 2 English Com. Law Rep., 305); Sangster *vs.* Magereddo et al., 2 English Common Law Rep., 338; Grant *vs.* Jackson, Peake's N. P. C., 203; Thwaites *vs.* Richardson, *Ibid.*, 16; Wood and Others *vs.* Braddick, 1 Taunton, 104; Lowe *vs.* Boteler and Eastburn, 4 Har. and McHen., 346; Jackson ex dem. Hoogland *vs.* Vail, 7 Wendell, 125; John, administrator, *vs.* Beardsley et al., 15 Johns. Rep., 3; King *vs.* Inhabitants of Hardwick, 11 East, 579; 4 Sargeant and Rawle, 203; Lightner et al. *vs.* Wike, 13 *Ibid.*, 328; Atkins *vs.* Sanger et al., 1 Pick., 192, 3.

2. The Circuit Court erred in not setting aside the verdict, and granting the plaintiffs in error a new trial.

LEONARD *and* BAY, *for Defendant in Error.*

1. All the issues were found for the defendants, and it is therefore immaterial whether or not the evidence was sufficient to sustain the plea of the statutes of limitations.

2. The questions asked by the plaintiffs, of their witness, "whether he had ever heard John S. Farrar, one of the defendants, say anything as to the childishness or mental imbecility of the deceased, Leonard Farrar, at the time of the making of the paper claimed to be his will?" was properly excluded: because—

1st, The question before the jury was, whether the testator was of sound, disposing mind and memory, or not, at the time of making the instrument purporting to be his will? and this question is to be determined by facts and circumstances which took place at the time.

The evidence offered is of a bare opinion, or assertion which may have been expressed by one of the defendants not under oath, and perhaps entertained without any reasonable ground.—Philips et al. *vs.* Hartwell et al., 1 Mass., 71.

2nd, The declarations or statements of one of the defendants could not be given in evidence to the prejudice of the others. There was no privity between them; their rights were distinct, and independent of each other,—Osgood *vs.* Manhattan Co., 3 Cowan, 623.


NAPTON, *Judge, delivered the opinion of the Court.*

This was a petition by the plaintiffs in error, heirs at law of Leonard Farrar, deceased, contesting the will of said Farrar, and praying an issue to be made up, according to the provisions of our statute, for the purpose of determining the validity of the said supposed will. The legatees and devisees under the will were made parties defendants. The ground alleged in the petition for setting aside the will, was the incapacity of the testator at the time of making his will. Three of the defendants, John S. Farrar, Richard Farrar and Perrin Farrar, appeared and pleaded—*first*, that the testator was of sound and disposing mind; and, *second*, the bar of the statute of limitations.

The issue on each of the pleas was found for the defendants, and the plaintiffs applied for a new trial.

The will of Leonard Farrar is preserved by the bill of exceptions. The testator, after leaving some inconsiderable legacies to several of his children designated in the will, gives all his lands to his three eldest sons, John, Richard and Perrin, "to divide equally between themselves," and appoints these three sons executors of his will.

Upon the trial, the counsel for the petitioners asked a witness, "whether he had ever heard John S. Farrar, one of the defendants, say anything as to the childishness or mental imbecility of the deceased, Leonard Farrar, at the time of the making the paper claimed to be his will." This question was objected to, and excluded by the court, and exceptions were taken to the opinion of the court in excluding the offered testimony.

Entertaining the opinion which we do on this point, which is the chief one relied on as error, it is deemed unnecessary to examine the evidence given to sustain the plea of the statute of limitations, which the plaintiff in error contends was insufficient to warrant the verdict.

The rule laid down by Starkie and other elementary writers on evidence, that the admission of a party on the record is always evidence, (at least against that party) was adopted by this Court, in the case of Dillon *vs.* Chouteau. The doctrine, in its broad and unqualified sense, chiefly rests upon the cases of Boerman *vs.* Radennis, and Crait and Wife *vs.* D'Aeth, (7 Term Rep., 670.) Later authorities have limited and qualified its application; but, in departing from the inflexible rule of Lord Kenyon, the courts appear to have fallen into an irreconcilable conflict of opinion, as may be seen by reference to the cases collated by the learned editors of Phillips' Evidence.— See Phillips' Ev., p. —: Cowan & Hill, editors.

Without entering into any investigation of the numerous authorities on either side of this question, we will merely advert to what we suppose to be the true meaning and sense of the rule, that the declarations of parties may be given in evidence against them. The rule, as we suppose, is founded, first, upon the reasonable presumption, that no person will make any declaration against his interest, unless it be founded in truth; and, second, upon the fact, that the person making the declaration against his interest, being a party to the suit, cannot be examined, and therefore does not conflict with the established maxim, that the best evidence which the nature of the case admits of must be produced.

It will be found, I think, upon examination of the authorities, that, in some of the cases, the first of these principles only is relied on, and in others, the courts have looked only to the last: hence, the diversity of conclusions arrived at. The cases of Wood *vs.* Braddick, (1 Taunton, 104,) Nichols *vs.* Dowding and Kemp, (1 Starkie's Ca., 81,) and Grant *vs.* Jackson, (Peak's Ca., 203,) are instances in which the courts have disregarded the maxim of only admitting secondary evidence, where better evidence cannot be had, and looked only to the interest of the person whose declarations were allowed. In the case of Boerman *vs.* Radennis, the court considered the interest of the parties as out of the question, and declared it an inflexible rule, that the admission of a party on the record should be received in evidence, because that party could not be examined.

Without feeling under the necessity, in this case, of determining which of these conflicting adjudications should be followed, we may safely adopt the rule, that where both reasons concur, where the admission is against the interest of the person making it, and that person is a party to the record, it is evidence against the party making it, and his co-parties, where there is a joint interest or privity of design between them. The declaration of John S. Farrar, relating to any facts or circumstances calculating to show a state of mental imbecility in Leonard Farrar, at the time of making his will, if made after the death of the testator, were competent evidence against all the defendants, since they were not only parties to the record, but identical in interest.

The case of Atkyns *vs.* Sanger, 1 Pick. Rep., 192, is in point. In that case,

where several persons were both legatees and executors in a will, and also appellees in a question upon the probate of the will, the court allowed the admission of one of them, as to facts which took place at the time of making the will, showing that the testatrix was imposed upon, to be received in evidence against the validity of the will. This case does not conflict with the case of Phelps and Others *vs.* Hartwell and Others, (1 Mass. Rep., 72.) In this last case, the court rejected the evidence offered, because it was of a bare *opinion*, said to have been expressed by one of the parties; and upon that ground alone it was excluded. Judge Sedgwick, it is true, placed the exclusion on other grounds, and, so far as his opinion is concerned, it is overruled by the subsequent case of Atkyns *vs.* Sanger; but the opinion of the majority of the court is entirely consistent with the opinion in Atkyns *vs.* Sanger, and so it was declared to be in this last-mentioned case. It is clear, that confessions or admissions of a party are only evidence against him when parol evidence of the same facts would be competent, or, in other words, when, in the judgment of the law, higher and better evidence in existence cannot be produced. (Willard Canal Company *vs.* Hathaway, 8 Wendell, 486.) Hence, where the party himself can be examined, his admissions are no evidence. (Brashear *vs.* Burton, 3 Litt. Rep., 14; 3 Bibb., 9; Moore and Porter *vs.* Rea, 6 Mo. Rep., 48.) Hence, also, where the admission is of a mere opinion, it is no evidence.

The decision in Atkyns *vs.* Sanger is sustained, by the opinion of the Supreme Court of North Carolina, in the case of McCraine *vs.* Clark and Wife, (2 Murphy's Rep., 317,) and the subsequent opinion of the same court, in the case of Hill *vs.* Buckminster, (5 Pick. Rep., 391.)

In New York, the decisions on this question have not been uniform, but the general inclination of the courts of that State would seem to be against the admissibility of such testimony. In Dan and Others *vs.* Brown and Others, (4 Cowan's Rep., 483,) the court said they would not suffer one tenant in common to admit away the right of his co-tenant; and that his confession was no evidence against the others, though co-parties in the suit; that an admission by a party to a record, is evidence against him who makes it, and where there are parties, against them also, but not against others who happen to be joined as parties to the suit.

But the same court, even in the case of partners, held, that the confession of a debt by one partner, after a dissolution of the partnership, was inadmissible against the others, though joined in the suit. (Hackley *vs.* Patrick, 3 Johns. Rep., 528; Gleason *vs.* Clark, 9 Cow. Rep., 57; Walden *vs.* Sherburn, 15 Johns. Rep., 409.) Against this position may be found a series of respectable authorities, both in England and the United States. (Wood and Others *vs.* Braddick, 1 Taunton, 103; White *vs.* Hale, 3 Pick. Rep., 291; Hathaway *vs.* Harkell, 9 Pick. Rep., 42; Cady *vs.* Shepperd, 11 Pick. Rep., 401; Lucy and Wilton *vs.* McNeille et al., 4 Dowl. and Ryl., 7.

We are not disposed to depart from the rule laid down in Phillips, Starkie and Greenleaf. It is thus stated by Mr. Greenleaf: "If the parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission

made by one is, in general, evidence against all. They stand to each other, in this respect, in a relation similar to that of existing co-partners."

The exception made by the Supreme Court of New York, in the case of Dan *vs.* Brown, in favor of tenants in common, if admitted to be a sound one, does not reach the present case. The defendants here, by the common law, would have been joint tenants; they have a unity of interest, of title, of time and possession. Tenancy at common exists where there is a unity of possession merely, but perhaps an entire disunion of interest, of title, and of time. One may hold in fee simple, and the other in tail, or for life; one may hold by descent, the other by purchase; one may hold by purchase from A, the other, from B. (Black. Com., 2 B., c. 12.) Hence, as this tenancy is defined by common law writers, there may be good reason for holding that the admission of one tenant in common shall not be evidence against his co-tenant; but it surely cannot prevail in a tenancy at common, where the tenants derive their title from the same source, and have an entire community of interest. Tenants in common, where they were in by several titles, had to sue separately; but not so where there is a unity of title and of interest.

The judgment will be reversed, and the cause remanded.