# HURST & SALMON vs. ROBINSON.

1. If the parties to a suit have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one, is evidence against all.
2. Where the circuit court gives an instruction to the jury, embodying the principles of law, applicable to the facts of the case the supreme court will not reverse the judgment because the circuit court refused an instruction which was the converse of the one given.

## ERROR TO MORGAN CIRCUIT COURT.

### STATEMENT OF THE CASE.

Ezekiel J. Salmon and John Hurst, who were partners in blacksmithing, carrying on their business under the firm of Hurst & Salmon, on the 28th of November, 1846, commenced suit before a justice of the peace on a blacksmithing account against the defendant in error Robinson, amounting to $34,33. A trial was had before the justice, and the plaintiffs in error obtained judgment, from which judgment Robinson appealed to the circuit court of Morgan, in which court a trial was had at the October term, 1847, which resulted in a verdict for the plaintiffs in error, which verdict was at the same term of the circuit court set aside and a new trial granted. At the October term, 1849, another trial was had, and the case was submitted to the court sitting as a jury, which resulted in a verdict, and judgment for the defendant in error. A motion for a new trial was made and overruled, and exceptions duly taken. While the case was pending in the circuit court, Robinson caused the deposition of one of the plaintiffs, Hurst, to be taken, which deposition was by the court suppressed, but on the trial, the court permitted Robinson to read the admissions of Hurst, which were contained in his suppressed deposition. At the time the deposition was taken, the partnership had long previously been dissolved. On the trial of the cause, the last time, various instructions were asked, both by the plaintiffs in error, and defendants in error. The admission of Hurst's declarations as contained in his

suppressed deposition, the giving of the 2nd. instruction asked by the defendant in error, and the refusal of the first seven instructions asked by the plaintiff in error, and the refusal of the court to grant a new trial, are assigned for errors.

## KOWNSLAR, for plaintiffs in error.

1. An examination of the evidence in this cause, will show, that Robinson sought to prove that he had discharged the account sued on, by delivering farm produce, and it is believed that the evidence clearly shows, that whatever amount was delivered, was for the sole and seperate use of Hurst individually. The instruction given for the defendant in error, being the second asked for, makes no distinction between farm produce, supplied for the firm, and produce supplied to Hurst, which it should have done. The instruction then, if this be correct, is not merely defective but is erroneous, and in some degree contradicts the 8th. instruction, given for the plaintiff in error. As to the power of a co-partner to bind his firm—see 3d. Kent. Com. 43, and the cases there cited, (third edition.)

2. The court ought to have admitted the evidence of D. Williams, and ought to have given the 2d. instruction asked for by the plaintiffs in error. All partnerships are more or less limited, and the agency implied by law, is confined to business transacted within the scope ot the partnership. If one partner goes beyond that, the law no longer presumes that he is acting as the agent of his firm. The world is bound to take notice of the objects of the partnership business, and the extent of the agency implied by law among co-partners—see Kent. 3rd. vol. pages 41, 42, 43, side paging, also page 44 and cases there cited.

3. The admission of Hurst's declarations, as contained in his deposition, was clearly illegal for several reasons. Our statute provides a mode by which a party to a suit can avail himself of the testimony of his adversary, and in Levy vs. Henley, 8 Mo. Rep. 510, this court has decided, that a party cannot examine one of several of the opposite parties, but that all have a right to testify. If it were allowed a party to take a deposition, and when it had been suppressed, read it as evidence, then he could thus by an indirect mode, obtain the evidence of one of several parties, and exclude the rest. Hurst, too, was bound to testify, or submit to the penalty of a refusal, and in this view, his admission was objectionable; for admissions to be evidence, must be free from suspicion of collusion, restraint and the like.

4. The admission of a co-partner, after the dissolution of the co-partnership, of matters relating to the partnership transacted during its existence, is not evidence against any one but the person making it. Bell vs. Morrison, 1 Peters Rep. 371, 2, 3 and 4; 3 John. R. 537; 15 John. R. 423; 9 Cowen 59, 433, 434; Little vs. Ferguson, 11 Mo. Rep. 598. There is no distinction between the admission of an account, and the admission of a particular fact. 9th. Cowen 434.

5. The court, sitting as a jury, decided the cause most manifestly against the evidence. An examination of the evidence, as preserved in the bill of exceptions, can leave no doubt, but that Hurst, was contracting for farm produce for his own individual use, and that this fact was known to Robinson. I do not understand the rule, as establised by this court, to be, that they will not review the evidence, when it has been passed on by a jury, or the court sitting as a jury. I on ly understand that they will require a strong case to interfere. It is respectfully submitted that this is a strong case, and it must strike every one on reading the evidence, that the verdict is for the wrong party.

## HAYDEN, for defendant in error.

1. The partner, Hurst, had power and authority, in behalf of the partners, to undertake to do the work for which this suit was brought, for the kind of compensation paid him by Robinson, and it was not the duty of Robinson to obtain the express assent of the partner, Salmon, to the agreement so made, in order to render the same binding on them as partners, and that there-

fore his payment for the work done for him, under the agreement, discharged the debt sued for.

2. The evidence given by the defendant, to sustain his defence, was legal and competent, and therefore was rightly admitted by the court; and the only error committed by the court, in regard to the evidence of the defendant, was in rejecting the evidence contained in a written admission made by, and between said Salmon and Robinson, as to the fact of payment of the demand by Robinson, at the trial of the cause before justice Brown.

3. The circuit court decided correctly, in giving for defendant the instruction which was given for him, as also in refusing those which were rejected, as prayed for by plaintiffs.

RYLAND, Judge, delivered the opinion of the court.

The questions which appear to this court of most importance, are those arising from the instructions given, and the admission of the statement of the plaintiff, Hurst, that the account against the defendant, Robinson, had been fully settled. We shall pay no attention to the question, which the plaintiff in error endeavored to raise in the court below, about the custom of paying for blacksmith work in this country in money only; nor shall we trouble ourselves to notice the power, authority or right, of one partner in the blacksmith business to make agreements with the farmers for their custom, by contracting to take what is called in this case, "farm produce," for such blacksmith work as shall be done for them, in the shop of which he is partner. The question as to the admission of the statement of the plaintiff, Hurst, which he had made in writing, under oath, in the form of a deposition, is the most important one in this case. It seems, that the defendant, Robinson, had taken the deposition of the plaintiff, Hurst, one of the partners in the blacksmith business; which deposition had been suppressed by the court below. The defendant Robinson, then proposed to read this statement not as a deposition, but as a confession or admission of facts by one of the plaintiffs in this case. He proved the hand writing of Hurst, and offered to read his statement. This was objected to by the plaintiffs, but admitted by the court.

The principle involved in this question, has heretofore demanded the attention, and received the consideration of this court. In the case of Armstrong et al vs. Fairchilds, 8 vol. Mo. Rep. 627, this question came up, and after a review of many decisions, the court express their unwillingness to depart from the rule laid down in Phillips, Starkie and Greenleaf. It is thus stated by Greenleaf. "If the parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one, is in general, evidence against all; they stand in this respect to each other, in relation, similar to that of existing co-partners."

We still adhere to the views of this court given in that case, and consequently we see no error in the admission of this evidence in the court below.

The plaintiffs have no right to object to it, because the deposition had been suppressed. It was not read as a deposition but simply an admission in writing by one of the plaintiffs.

We have no fault to make with the action of the court in giving the second instruction prayed for by the defendant, Robinson; and consequently we are not disposed to find fault in the act of the court below, in refusing to give the first seven instructions prayed for by the plaintiffs, as these seven refused are but the converse, in some shape, to the one given for defendant. We will here insert the 2d. instruction, the only one given for the defendant Robinson. "That it was competent for the partner, Hurst, during the partnership, to make a special agreement with Robinson, to do the blacksmith work &c., mentioned in the accounts sued on, for Robinson, and to receive pay therefore in property other than money, and that if the court find from the evidence, that the partner, Hurst, during the partnership did, as the partner in the said blacksmith business, do and perform the work &c , for the said Robinson, for which suit is brought, and further find that the same was done &c., under said agreement, and paid for, by Robinson, according to said agreement, before the commencement of this suit, that then the plaintiffs cannot recover."

Here we find the whole merits of the case turn. The plaintiffs having been paid once, agreeable to the understanding when the work was brought to the shop to be performed, although this payment was made to one of them, and the work done by that one, are still seeking to recover payment again ; and alleging as a reason for this conduct, that the payment of the account was in "farm produce," for the use of one of the plaintiffs, one of the firm. We are not anxious to seek out objections, technical defects, in order to reverse a judgment so consonant with right and justice as this one is.

The judgment of the court below will therefore be affirmed.