Allen v. Allen's Adm'r.

————◄•◄◄•►———

ALLEN, Respondent, v. ALLEN'S ADMINISTRATOR, Appellant.

1. *Quere,* Whether the admissions of an administrator, a party to a suit, are admissible in evidence against the estate of which he is the administrator.
2. If the administrator be a distributee his admissions are evidence.

*Appeal from  Calloway  Circuit  Court.*

Samuel Allen presented to the Calloway county court for allowance a demand against the estate of Samuel J. Allen, deceased. Adams, the administrator, was the husband of the widow of said Samuel J. Allen. The demand presented was the balance of an account of the sale of certain slaves belonging to Samuel Allen. The balance claimed was $770 with interest. In the account as presented, however, the interest

was not calculated and placed at the foot of the account. Certain admissions of Adams were introduced in evidence, for which see below in the opinion of the court.

*Hardin*, for appellant.

I. Judgment can not be rendered for a greater amount of damages than respondent claimed in his account. (5 Mo. 422; 1 Mo. 96; 3 Mo. 39.) The court below committed error in its action upon the instructions. The statement of the administrator of the estate was not competent evidence. (2 Const. Rep. 757; 12 Wheat. 565; 7 Conn. 172; 6 Johns. Ch. 372.)

*Jones*, for respondent.

I. The admissions made by a party to a suit are competent evidence, whether the party stands upon the record in an individual or representative capacity. The 25th section of article 2d of the administration law allowing an administrator to be examined as a witness in favor of the estate, does not affect the common law rule of evidence allowing the admissions of parties to a suit to be given in evidence against them. In this case Adams was also interested in the estate as distributee, having married the widow of Samuel J. Allen, deceased. (1 Greenleaf's Ev. § 171, 179.)

II. In presenting a demand to the county court for allowance against an estate no technical form is necessary. The affidavit and account filed sufficiently apprised the administrator that the claimant asked not only for seven hundred and seventy dollars, but also for interest. (Mills v. Bank of U. S. 11 Wheat. 441.) There is no error in the instructions as given and refused.

NAPTON, Judge, delivered the opinion of the court.

There is nothing, in our opinion, in the objection made to the form of the account. Although the calculation of the interest is not made and the sum total placed at the foot of the account, the affidavit shows that both principal and inter-

est were demanded.   The judgment is for the principal and interest in conformity to the claim.

The question in relation to the declarations or statements of the administrator, which were given in evidence, is one of more difficulty.   The jury were directed by the court to disregard all these statements, except such as were statements of facts within the administrator's knowledge.   The declarations and acts testified to were, that the administrator handed to the witness (who was an attorney) the account sued on and the letters read in evidence, and requested him to present them to the county court for allowance; that, being administrator, he could not do so with propriety; that he thought the letters showed the account overpaid, but he admitted that plaintiff was an honest man, and that the account of sales set out in the claim was correct.   These statements, except so much of them as relate to the source from which the account and letters were obtained, do not of themselves convey any information to the jury as to the administrator's knowledge of their truth, which was the criterion furnished the jury by which they were to be received or discarded.   The jury might have no difficulty, under the instructions of the court, in considering the statements relative to the incompatibility of the claim with the letters, and in relation to the honesty of the claimant, as mere expressions of opinion and therefore excluded from their consideration.   But how would they regard the statement relative to the correctness of the account of sales?   It did not appear whether the administrator had any personal knowledge on this subject or not, or if he had any, it did not appear how he had obtained his information, or at what time.   Such a declaration coming from a mere trustee ought to have no weight with a jury, and very likely in this case it had none.   The court may have regarded it in this light and understood it as excluded, but it is unsafe as a general practice to submit a mass of testimony of this character to a jury, with a rule by which they are to separate for themselves the good from the bad, the competent from the incompetent evidence.   It is impossible to say what

influence the opinion of the administrator in relation to the integrity of the claimant may have exerted upon the jury. What things are to be regarded as facts and what opinions is sometimes a matter of very nice discrimination, and the court had better make the discrimination than leave it to be made by the jury.

Whether the admissions of an administrator are evidence against the estate in suits wherein he is a party, is a question not probably of much practical importance in this case, but one of some interest and attended with considerable difficulties. Aside from any statutory provisions in this state, the general principle undoubtedly is, that the admissions of a party to the record are legitimate evidence against him. Where the party whose admissions were sought to be used is not the real party in interest, but has parted with his interest at the time of the admission, or is merely trustee for others, this general principle has been somewhat modified in this country; but in England and in some of the United States the doctrine is still adhered to in all its original strictness. There is indeed a painful confusion of authorities on this point in this country, so much so as to render any investigation into the matter as a mere question of authority utterly unsatisfactory. The inclination of this court, at least of late years, has been, I think, decidedly against the admission of the declarations of a party to the record who is only a nominal party and made after he had parted with his interest in the subject matter of the suit. In relation to the admissions of mere trustees, made while they are clothed with that character, I have not met with any decision of this court. The question is a new one and may with propriety be decided with reference to our statutes and without regard to opinions or adjudications prevailing elsewhere.

That provision of our statute concerning administration which declares that an administrator or executor shall not be disqualified from testifying as to facts occurring anterior to his qualification, in actions where he is a party, does not appear to have any bearing upon this question. This section is

merely designed to apply an ancient rule of evidence to the case of administrators when parties. The principle was already established that, for the benefit of the parties concerned, a competent witness to a transaction should not be rendered incompetent by subsequent events, and this principle is recognized and codified in our administration law. The admissibility of the administrator's declarations against the estate or interest he represents, in actions wherein he is a party, depends upon another principle. Under the statutory provision the administrator can only testify to facts which came to his knowledge before he was clothed with the trust; his admissions, if binding under any circumstances, could only be so when made after his fiduciary character commenced, and by reason of his being a party to the suit. Adjudications may be found on both sides of this question. In Thompson v. Peters and others, 12 Wheat. 565, the court is reported to have decided that the admissions of an administrator would not be allowed to take a case out of the statute of limitations; though, when the opinion of Judge Marshall is examined, it will be found that the court regarded the declarations of the administrator as no admissions at all, and it was therefore useless to decide upon their admissibility, had they been sufficiently definite to have taken a case out of the statute. This doctrine is however clearly maintained in Peck v. Botsford, 7 Cowen, 172; but exactly the reverse is the decision in Emerson v. Thompson, 16 Mass. 427. In New York the acknowledgments of an administrator or executor were not allowed to bind the *real assets* in the hands of an heir or devisee; (Mooers v. White and others, 6 John. Ch. 360;) yet it is conceded in that case by Chancellor Kent that the executor might charge the *personal* estate by confession, just as any other trustee. The right of the administrator to confess away the interests of those he represents is totally denied in Ciples v. Alexander's adm'r, 2 Comst. 767.

It is suggested that the general policy of our administration law forbids the administrator from affecting the interests of the estate by his admissions, and therefore, whatever may

be the weight of authority elsewhere, they are incompetent here. The subject deserves consideration, but it is not deemed important to determine the general question in this case. The administrator in this case was also distributee of the estate, and as such his admissions were evidence, as this court determined in the case of Armstrong v. Farrar and others, 8 Mo. 628.

We do not perceive any objections to the second and third instructions offered by the defendant and refused by the court. The account presented contains no credit for the ten dollar bank note, nor the draft for $11.30, nor the five dollars which the thousand dollar check upon New York cost. Whether the $800 draft referred to in the account was designed to embrace the two drafts for $300 and $500 referred to in the letters, was a matter for the jury; but the hypothesis referred to in the defendant's instructions might have with propriety been submitted to the jury along with that upon which the plaintiff's instructions were based.

The other judges concurring, the judgment will be reversed and the cause remanded.

RICHARDSON, Judge. I give no opinion on the question whether the admissions of an administrator are competent evidence against the estate he represents, even though he may also be a distributee.