CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
A paper, purporting to be the last will and testament of Presley Milton, deceased, was admitted to probate by the county court of Nelson County. Certain of his heirs-at-law prosecuted an appeal from the order of probate to the circuit court, and then applied for and had the venue changed to the Bullitt Circuit, where a trial of the issue of will or no will was had. The trial resulted in a verdict and judgment against the validity of the paper, and the propounders have prosecuted an appeal to this court.
The principal issue is as to the competency of the deceased to dispose of his estate by last will and testament, and it is also insisted by the appellees that he was induced to execute the paper by and through the undue influence of the appellants and their friends.
It is not seriously disputed that the deceased was all his life a man of feeble intellectual development. He was uneducated, superstitious, and unusually ignorant. But he had some business capacity, and certainly did acquire, and, with the assistance of his relatives and friends, managed and preserved a considerable estate. Whether his stupidity amounted to imbecility is a question to be determined by a jury, as the facts developed *167 by the record before us do not bring the ease within the rule announced in Broaddus’s devisees v. Broaddus’s heirs (10 Bush, 299), that when there is no evidence to sustain or to assail a verdict this court will disregard the errors of the circuit court, and order the will to probate or reject it without further proceedings.
Appellants complain that the court below permitted evidence to go to the jury as to the statements of one of the devisees, John N. Milton, to the effect that the testator was mentally incapable of making a will. He is one of the principal devisees, and the statements, if made, were obviously against his interest. The decisions as to the admissibility of such testimony are conflicting. Mr. Greenleaf says: “Where several were both legatees and executors in the will, and also appellees in a question upon the probate of a will, the admission of one of them as to facts which took place at the time of making the will, showing that the testator was imposed upon, was held receivable.” (1 Greenleaf’s Evidence, sec. 174.) This conclusion is supported by the cases of Atkins v. Sanger (1 Pick, 192) and Jackson v. Vail (7 Wend, 125); but the rule has been repeatedly denied by the courts of Alabama and Pennsylvania.
This court, in considering this question in the ease of Beall, &c. v. Cunningham (1 B. Monroe, 399), said: “But still the admission of one legatee or devisee, obviously against his interest, should be evidence against himself, and it would seem to be unreasonable that he should escape the effect of them altogether, merely because they might not be equally conclusive as to the interest of his co-legatees or devisees. ... It would, in our opinion, be more consistent with principle and analogy to allow the admission of a fact by one of several legatees or devisees, evidently against his own interest, to be evidence, entitled to the effect not of an admission by all his associates in interest, but of the simple circumstance that a party inter *168 ested admitted what he probably would not have done had he not believed it to be true. And this fact, though not entitled to the effect of an admission by all concerned in' a common interest under the will, may, nevertheless, tend legitimately to a presumption against all of them (in a degree corresponding with all the circumstances) that the thing admitted may be true. Such parties, like co-obligors, have a common interest in the same question, and must stand or fall together. They are thus consolidated by their testator, and by their own act in claiming under his will, and each of them can therefore refuse to against the will.”
The reason last given does not apply under our present system of practice; but as the question is one on.which the authorities are in conflict in other states, and as the rule established in the case supra is not likely to prejudice the rights of parties claiming under a contested will, and as it has prevailed in this state for more than thirty-five years, we are of opinion the safer course is to follow rather than to set it aside.
The appellants also complain that the circuit court permitted statements made by the testator after the execution of the will, tending to show that he acted under undue influence, to be proved. The same character of evidence was received and considered in the case of Shropshire v. Reno (5 J. J. Mar. 91), and this case is fully supported by a case reported in 7 Serg. & Rawle, p. 90. Evidence of such statements is not admitted to show an intention or desire on the part of the testator to revoke the will, but to illustrate the condition of his mind,. and his susceptibility to the influence of those upon whom he is compelled to rely for sympathy and assistance in his last extremity.
The evidence of the witness Powell was competent. The statements proved were made in the presence of the testator, and his failure to deny or explain them was evidence of their truth.
*169 We can not say the court erred in refusing to permit the appellants to read the deposition of the husband of one of the heirs-at-law of the decedent. She is not a party to the record, and is not resisting the probate of the will; but the defeat of the motion to probate will result to her advantage, and her husband can not be called to testify against her interest. (Greenleaf’s Ev., vol. 1, secs. 335, 336; General Statutes, sec. 24, chap. 37.)
In this connection it is proper we should say it was error in the court below to hold that the devisees and heirs-at-law of the deceased are incompetent witnesses. This is not a proceeding to settle the estate of a decedent, nor is it an action against the executor, administrator, heir, or devisee of a deceased person, in the sense in which the term “action” is used in section 25, chapter 37, General Statutes. The reasons for the exceptions contained in sections 23 and 25 of this chapter do not apply to a controversy over the probate of a will, and in such controversies the parties in interest are competent witnesses. We do not overlook the fact, that this error could not in this case be urged as a ground ■ for reversal, it having been committed at the instance of the appellants. But as the judgment must be reversed for other good and sufficient reasons, we deem it important that it shall not occur on the new trial about to be awarded, and hence we decide the question.
The court did not err in modifying instruction No. 3 asked by appellants. It is not necessary that the exercise of undue influence shall be proved to the satisfaction of the jury. It is sufficient that they shall believe, from the evidence, that such influence was possessed and exercised by some person or persons, and the free agency of the testator thereby subordinated to his or their will. ■
Instruction No. 5 is inaccurate. Confessions and admissions are not the weakest testimony known to the law. The evidence of confessions and admissions is not of a high grade; *170 but, when sufficiently proved, confessions and admissions may be satisfactory and convincing.
Instruction No. 6, given on the motion of the appellees, was clearly misleading. It is in these words: “The burden of proof in this case rests upon the propounders of the will, not only as to the execution of the paper offered as the last will of Presley Milton, deceased, but also that he was at the time of the execution of said paper of sound and disposing mind and memory.” Abstractly considered, this is a correct legal proposition, but the instruction ignores altogether the legal presumption of sanity, which applies as well to a testator as to the grantor in a deed or to a person chai’ged with crime.
When the propounders of a will have proved the due execution of a paper not irrational in its provisions nor inconsistent in its structure, language, or details with the sanity of the testator, the presumption of law makes out for them a prima faoie case, and the burden of showing that the testator was not in fact of sound and disposing mind and memory at the time of the execution of the will is shifted upon the contestants. The opinions of this court in the Singleton will case (8 Dana, 316) and in Rogers v. Thomas, &c. (1 B. Monroe, 390) are to some extent conflicting, but in the case of Hawkins v. Grimes (13 B. Monroe, 257) the question was fully considered, and the conclusion reached was thus stated:
“It is the common course in the county court, which is the ordinary court of probate, and the statute seems to require that the witnesses should be interrogated on this subject (the testator’s sanity) in proving the will. And it would seem that some testimony on the subject is certainly requisite in support of the will when it is contested in chancery on the express ground of mental incompetency. But the writing or dictating of a rational will is sometimes held to be sufficient evidence of sanity, at least prima fade. And if upon the whole evidence, pro and con., it be doubtful whether the party be sane or not, *171 then the presumption in favor of sanity may operate to decide the question otherwise in equipoise.”
Under our existing system of practice, the question of probate is not contested by bill in chancery. The appeal from the order of the county court places the case on the docket of the circuit court, to be tried as an original proceeding: There are no pleadings. There can be no special or express issues raised in advance of the commencement of the trial, as could be done when the issues were made up by the contestant’s bill. The propounders may, if they see proper, rest their case on the statutory proof of due execution, and if the will be rational, and the contestants introduce no proof tending to rebut the presumption of sanity on the part of the testator, the issue raised on this question, by the law, will usually be decided in' their favor. It is usual and proper to interrogate the subscribing witnesses on this subject, and while this may be done without subjecting the propounders to the necessity of introducing all their proof in advance of an attack by the contestants, it is not absolutely essential in all cases; and when there is no proof on the question of sanity, or where the evidence leaves that question in doubt, the jury may resolve that doubt by acting on the legal presumption. This conclusion is not inconsistent with the rule that the burden of proving soundness of mind and memory on the part of the testator rests on the propounders of the will. . This fact they must prove; but in making out their case they may, to the limited extent indicated, rely on a well-established legal presumption. The instruction under consideration in effect takes from them the benefit of this presumption.
The latter1 clause of instruction No. 7 is also misleading. So far as this instruction is the converse of instructions Nos. 3 and 4 it is unobjectionable, but it was not proper to intimate to the jury the possibility of the testator’s having been “prompted or swayed by designing relatives or pretended *172 friends.” Of course no such intimation was intended, but the unnecessary use of those terms was calculated to impress the jury with the idea that the court thought the evidence justified the belief that the testator had been surrounded, when he published the paper in contest, by friends and relatives falling within this description.
For the errors stated the judgment is reversed, and the cause remanded for a new trial on principles consistent with this opinion.