Hayes *et al. v.* Burkam *et al.*

---

HAYES ET AL. *v.* BURKAM ET AL.

WILL.—*Resisting Probate of.*—*Admissions by Legatee Incompetent against Co Legatee.*—*Evidence.*—A will having been offered for probate by certain of the legatees who would take separately and not jointly thereunder, objections were filed to the probate thereof on the grounds of undue execution, undue influence, fraud, duress and the insanity of the testator, whereupon one of such legatees filed, but subsequently withdrew, a pleading admitting the truth of the objections and asking judgment accordingly. On the trial, the objectors, over the exception of such legatees, gave such pleading in evidence, and also proved oral admissions by the legatee who had filed such pleading, of the truth of such objections, made by the latter while testifying as a witness on a former trial of the cause.

*Held,* such legatee not having testified on this trial, that the evidence was incompetent.

From the Dearborn Circuit Court.

*W. S. Holman, H. D. McMullen* and *O. B. Liddell,* for appellants.

*J. D. Haynes, J. K. Thompson, F. Adkinson, G. M. Roberts* and *N. S. Givan,* for appellees.

WORDEN, J.—Ezra G. Hayes, Nancy West, Nancy Hayes and Anthony Halberstadt propounded for probate, in the court below, a paper purporting to be the last will and testament of Joseph Hayes, deceased.

The appellees herein appeared and objected to the probate, and contested the supposed will, on the following grounds, stated in writing:

"1st. Because said will was not duly executed;

"2d. Because, at the time of the execution of said will,

the said testator, Joseph Hayes, was not of sound mind and capable of making a will ;

"3d.   Because the execution of said will was procured by undue influence, and was therefore not the will of said Joseph Hayes ;

"4th.   Because said pretended will was executed under duress, and obtained by fraud."

Nancy West, one of the proponents, filed a reply, or, as it is called, an answer, to the grounds of contest, stated in these words :

"Now comes Nancy West, one of the above contestees, and for answer to said objections to the probate of the will of Joseph Hayes, deceased, says that she admits all of the material allegations contained in said objections, and prays judgment accordingly, for general relief.

(Signed,)                              "NANCY WEST."

This answer of Nancy West was withdrawn before the trial of the cause, and constituted no part of the pleadings as they stood upon the trial.

Trial by jury, and verdict that "the will in suit is not the will of Joseph Hayes."

The jury also answered interrogatories as follows :

"1st.   Was Joseph Hayes, at the time he executed the will in suit, a person of sound mind ?

"Answer.   No.

"2d.   Was the execution of the will in suit procured through the undue influence of any one over the mind of Joseph Hayes ?

"Answer.   Yes."

The proponents moved for a new trial, but the motion was overruled, exception taken, and judgment rendered on the verdict.

The proponents have appealed, and assigned error upon the overruling of the motion for a new trial.

The reasons assigned for a new trial were the admission

of certain evidence, and alleged misconduct of the jury and prevailing party. From the view which we take of the first, it will be unnecessary to consider the second, of these grounds.

On the trial of the cause, the contestants, having proved that the answer above noticed of Nancy West, which was afterward withdrawn, was signed in her own handwriting, offered the same in evidence, and appellants objected for reasons stated, but the objection was overruled, the paper given in evidence, and exception taken. Over a like exception, the appellees were permitted to prove by George M. Roberts, as follows (Mrs. Nancy West not having been examined as a witness, and no reason having been shown why she could not be produced):

Roberts, having stated that he was present on a former trial and took notes of Mrs. Nancy West's testimony, was asked to state what she then testified to, and he proceeded thus:

"Mrs. Nancy West, on the former trial of this cause, testified, that she lived four or five miles from Joseph Hayes, and that she went to her father's house three or four weeks before he died, and that John Schwartz and Ezra G. Hayes were there; and that, when she first went into the house, he, Joseph Hayes, did not know her; he said that he had been trying to make deeds, but they would not let him; he said he did not want to make a will, but Ezra said he must. He said he did not want to make a will, because Walter Hayes had made one, and it gave him a good deal of trouble. She also testified that Joseph Hayes said he had not money to manage things; that Ezra Hayes managed for him. And she also testified that Joseph Hayes told things over and over again; that her father did not know her, and said he had been trying to dispose of his property, but they would not let him; that he did not intend to make a will; that his brother Walter made a

will and had trouble; that her father was childish and forgetful, and was not of sound mind, and was not capable to do ordinary business at the date of the will in controversy."

There were some other statements of Mrs. West given in evidence, tending to show the testator's incapacity, but they need not be more particularly specified.

The question arises whether the evidence thus given was competent. Before proceeding to pass upon it, it is due to counsel in the cause to say, that we have been furnished with exhaustive briefs and able oral arguments, by which our labor has been lessened, and the necessity of research saved, by the full citation of the authorities bearing upon the point.

Mrs. West was a daughter of the testator, and a devisee under his will; but she was not a joint devisee with the other proponents of the will. The devises were separate, though the proponents had a common interest in upholding the will, because each of their devises depended upon it.

Her admissions, therefore, could not be given in evidence against the other proponents, on the ground that they had a joint interest, as there was no such interest. The possessions of such common interest does not render her admission competent against the other parties. 2 Wharton Ev., 2d ed., sec. 1199.

It may be true that a will may be void in part and not *in toto*; that a particular legacy or devise, obtained by fraud or undue influence, may be held void, while the residue of the will may be permitted to stand. See 1 Redf. Wills, 3d ed., p. 518, and authorities there cited.

We make no decision upon this point, it not being involved. If a particular devise or legacy to Mrs. West had been attacked, on the ground that it had been obtained by fraud or undue influence, and not the whole will, it would

seem that her admissions in respect to it would be competent, if the will could be upheld in part and set aside in part, because her admissions in such case could not injuriously affect the rights of the other legatees or devisees. But such is not the case here. Here the attack is made upon the entire will, and not upon any particular part of it; and the entire will must either stand or fall. Hence, any admissions made by Mrs. West, tending to show a want of mental capacity in the testator, or undue influence, or fraud in the execution of the will, must necessarily affect the other devisees, as well as herself.

The answer of Mrs. West, above referred to, and the evidence of what she testified to on the former trial, could only be received on the ground that they were admissions made by her; and, if not competent upon this ground, they were not competent at all.

And we think, both on principle and the decided weight of authority, that the evidence was not competent.

Doubtless, if Mrs. West had been the sole beneficiary under the will, evidence of her admissions might be competent. Such, however, was not the case.

It can not be justly said that the evidence was competent against Mrs. West, and was, therefore, correctly admitted, though not competent as against the other appellants. If the evidence was competent as against her, it was to be considered by the jury as against her, and, so far as it was considered against her, it necessarily operated against the other appellants, and became evidence against them. It was therefore not competent at all.

The precise question here involved was decided in the case of *Nussear* v. *Arnold*, 13 S. & R. 323. In that case there was an issue of *devisavit vel non*, and TILGHMAN, C. J., speaking for the court, said:

"The third bill of exception was to the admission of evidence '*of the declarations of Margaret*

*King, that the testator was incapable of transacting business.'* Margaret King was a principal devisee in the will, which gave her the whole estate, (except a few legacies to a small amount,) for her life; after her death one-half was to go to her relations, and one-half to the relations of the testator. It is said, in support of this evidence, that Margaret King was the real plaintiff in this issue, the plaintiff on record, Nussear, being no more than her agent. If the whole estate had been devised to her, there would have been no question but her declarations would have been evidence, because the plaintiff on record has, in truth, no interest in the cause, and his name is used as mere matter of 'form. *    *    *    *    But Margaret King is not the only person interested in the establishment of the will, and hence arises the difficulty of the present question. The testator's own relations, one of whom is said to be an infant, are also interested.    *    *    *    *    The declarations of Margaret King, therefore, if received in evidence, would affect, not only herself, but others in no manner connected with her, or implicated in her conspiracy. Granting that she is so much a party to the suit, that her confessions might be' evidence against herself, these confessions are not the confessions of the others, who have a separate interest. It is not like the case of joint partners, where the confession of one may be used against both. We are now to establish a general principle to govern all cases of this kind. It happens, that Margaret King has a large interest under this will. But if her declarations are evidence, so also must be the declarations of a legatee, who takes but five dollars, or any other sum. The *quantum* of interest will make no difference. *    *    *    It is a case *sui generis,* where the rights of several persons, depending all on the same instrument, are tried together, and where, so far as concerns personal estate, the law admits of no other mode of trial. Under these cir-

cumstances it is unsafe, and unjust, to permit the rights of one to be affected by the declarations of another, and therefore I am of opinion that the evidence ought not to have been admitted."

So again, in *Clark* v. *Morrison*, 25 Pa. State, 453, it was held that, where there were nine devisees and legatees under a will, three of whom are contesting the will on an issue of *devisavit vel non*, they can not give in evidence, on the trial of such issue, the declarations and admissions of three of the remaining six, to prove fraud and imposition practised by them upon the testator; that the interests of devisees and legatees under a will are not joint, but several, and hence the declarations of one can not be given in evidence to affect or prejudice the others.

To the same effect is the case of *Thompson* v. *Thompson*, 13 O. S. 356, where it was held that, on the trial of an issue in a proceeding under the statute to contest the validity of a will, declarations, in reference to the mental capacity of the testator, of a legatee or devisee who is a party defendant to the proceeding, are not admissible in evidence to impeach the will, where there are other devisees or legatees whose interests may be injuriously affected by the admission of such evidence.

In the case of *Shailer* v. *Bumstead*, 99 Mass. 112, the same doctrine was held. In that case the court said, among other things:

" The admissions of a party to the record against his interest are, as a general rule, competent against him; and this rule applies to all cases where there is an interest in the suit, although other joint parties in interest may be injuriously affected. But it does not apply to cases where there are other parties to be affected who have not a joint interest, or do not stand in some relation of privity to the party whose admission is relied upon. A mere community of interest is not sufficient. Devisees or legatees have not

that joint interest in the will which will make the admissions of one, though he be a party appellant or appellee from the decree of the probate court allowing the will, admissible against the other legatees."

The point was decided in the same way in the case of *Forney* v. *Ferrell*, 4 W. Va. 729. The court said :

" The fifth bill of exceptions is to the opinion of the court allowing evidence of the oral declarations, admissions and conversations of the devisee, J. B. Forney, to go in evidence to the jury to prove undue influence by him over the testatrix. There are two other devisees, who were infants at the time of the trial. It is claimed that the declarations and admissions of the said J. B. Forney can not be admitted in evidence against his co-devisees. There is much conflict of authority on this question, but the weight of authority seems to be that the declarations, admissions and conversations of one devisee, can not be admitted in evidence against his co-devisees."

We do not deem it necessary to extend this opinion by citing the authorities referred to in the foregoing cases. An examination of those cases will put the inquirer in possession of them. But we append a list of authorities cited by the appellees in support of the ruling below, which are not found, so far as we have observed, in the cases above referred to. *Harvey* v. *Anderson*, 12 Ga. 69; *Williamson* v. *Nabers*, 14 Ga. 285 ; *McCraine* v. *Clarke*, 2 Murph. 317; *Armstrong* v. *Farrar*, 8 Mo. 627 ; *Hurst* v. *Robinson*, 13 Mo. 82 ; *Allen* v. *Allen*, 26 Mo. 327; *Milton* v. *Hunter*, 13 Bush, 163.

The case last above cited is a recent one, decided in 1877, but the court, apparently with some reluctance, followed an early ruling in that State. The court, after citing the previous case, and stating that formerly the devisees might refuse to testify against the will, said :

" The reason last given does not apply under our present

system of practice; but as the question is one on which the authorities are in conflict in other states, and as the rule established in the case *supra* is not likely to prejudice the rights of parties claiming under a contested will, and as it has prevailed in this State for more than thirty-five years, we are of opinion the safer course is to follow rather than to set it aside."

The appellees have cited the case of *Lewis* v. *Mason*, 109 Mass. 169, and claim that it is in conflict with, and therefore overrules, the case above noticed in 99 Mass. They claim, therefore, that, in balancing the weight of authority, the decision referred to should be placed on their side of the scales.

We do not think the case cited conflicts at all with the case in 99th. In the case cited, evidence was admitted of statements made in the lifetime of the testator, not as admissions, but as statements in the nature of verbal acts, having a tendency to show, in one case, that the party making the statement exerted a controlling authority over the testator; and in another, to show a purpose on the part of the party to keep the testator under his supervision, and to exclude other members of the family from any opportunity to interfere. So, also, a daughter of the testator testified that she visited her father in his last sickness; that he was sick in bed a week; that he could not speak, but he reached over and pressed her hand and said, " God bless you ! " This was held competent, as having a tendency to show what was the testator's mind toward the witness, and that his affection for her continued unimpaired to the last.

This evidence was doubtless admitted as original evidence, as distinguished from hearsay, because of its connection with the principal fact under investigation, the making of the will. 1 Greenl. Ev., sec. 108.

There were other admissions received in evidence, but

they were held to be competent, on the ground that they were received for the purpose of impeaching the witnesses making the admissions or statements.

The appellees claim that the admissions of Mrs. West ought to be received against her, though they might incidentally operate to the disadvantage of the other proponents, in analogy to the rule that the husband or wife may testify for himself or herself, though the evidence might tend to affect the other. *Sutherland* v. *Hankins*, 56 Ind. 343; *Haskit* v. *Elliott*, 58 Ind. 493.

We do not perceive any analogy between the cases. The statute regulates the competency of witnesses; but we have no statute that we are aware of, providing for evidence of the admission of parties. The competency of such evidence rests upon common-law principles.

The judgment below is reversed, with costs, and the cause remanded for a new trial.